# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARC A. PARKER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **Case No. CIV-20-873-G** |
| **CHIGURUPATI RAMANA, MD,** | ) |
| **et al.** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is a Motion to Compel (Doc. No. 58) filed by Plaintiff Marc A. Parker. The Motion seeks to compel certain discovery responses from Defendant Naadi Healthcare, LLC, and Defendant Pinnacle Interventional and Vascular Care, LLC (collectively, "Defendants"). Defendants have filed a Response opposing the Motion (Doc. No. 67).

    I.    *Plaintiff's Motion*

In his Motion, Plaintiff complains that Defendants have refused to answer interrogatories or produce documents regarding Defendants' tax records, bank statements, and other aspects of Defendants' financial condition. *See* Pl.'s Mot. at 2-4; *see also* Fed. R. Civ. P. 33(a), 34(a)(1). Plaintiff asserts that because he has asserted a claim for punitive damages against Defendants, he is permitted to seek such information, and that such information is relevant and discoverable. *See* Pl.'s Mot. at 5 (citing Okla. Stat. tit. 23, § 9.1(A)(7)); *see also* Compl. at 9. Accordingly, Plaintiff asks that the Court require

Defendants to respond to the discovery requests and to award the attorney's fees incurred in bringing the Motion. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

Defendants respond that Plaintiff's request is premature, as they "intend[] to file dispositive motions on the issue of punitive damages." Defs.' Resp. at 2. Citing various authorities, they argue that the viability of the punitive-damages claim should be determined before Defendants are required to share sensitive financial documents and that responding to the discovery requests would be unduly burdensome at this stage. *See id.* at 1-4. Defendants further contend that a fee award is unwarranted. *See id.* at 5.

II.   *Discussion*

Although pretrial discovery of financial information is generally permissible in the context of a punitive-damages claim, "[t]he scope of" such discovery "is far from settled." *CMI Roadbuilding, Inc. v. SpecSys, Inc.*, No. CIV-18-1245-G, 2021 WL 843194, at *2 (W.D. Okla. Mar. 5, 2021). "The mere existence of a punitive-damages claim does not give a plaintiff carte blanche to probe a defendant's sensitive financial documents." *Id.*

Having reviewed the disputed discovery, the parties' arguments, and the relevant authorities, the Court agrees with Defendants that they should not be compelled to provide the requested financial information at this stage of the litigation. While the Court does not "presum[e] that [Plaintiff's] claim for punitive damages has little merit," the Court "does believe," in the specific circumstances of this case, that "it makes sense to delay the production of [Defendants' financial information] until after the Court has ruled on" the forthcoming dispositive motions. *Sanders v. Turn Key Health Clinics*, No. 17-CV-492, 2021 WL 2413040, at *4 (N.D. Okla. June 14, 2021); *accord Toussaint-Hill v. Montereau*

*in Warren Woods*, No. 07-CV-179, 2007 WL 3231720, at *1 (N.D. Okla. Oct. 29, 2007) (finding that defendant's production of financial information was "appropriate only after a dispositive ruling on the issue of punitive damages"). Accordingly, Plaintiff's request will be denied, without prejudice to being reurged as appropriate.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Compel (Doc. No. 58) is DENIED. The Court declines to enter an award of attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(B).

IT IS SO ORDERED this 28th day of July, 2021.

_____
CHARLES B. GOODWIN
United States District Judge